## Herbert A. Parkyn, Appellee, v. George R. Turley, Appellant.

### Gen. No. 22,001. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed May 31, 1917. Rehearing denied June 11, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action on the case by Herbert A. Parkyn, plaintiff, against George R. Turley and David M. Bell, defendants, for the conversion of certain certificates of stock. From a judgment on a verdict for plaintiff for $5,395 and costs against defendant Turley, the latter appeals.

FULTON, GAREY & DEUTSCHMAN and FREDERICK A. BANGS, for appellant; RICHARD H. COLBY, of counsel.

CARNAHAN, ELSDON & SLUSSER, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

### Abstract of the Decision.

1. PLEDGES, § 44*—*when evidence as to oral promise by pledgee to notify pledgor before selling stock is admissible.* In an action on the case for the wrongful conversion of certificates of stock deposited as collateral security for the payment of a note, it is not error to permit plaintiff to testify as to an alleged contemporaneous oral promise by defendant to notify him before selling the collateral.

2. PLEDGES, § 44*—*when trover lies for conversion of collateral.* Where the evidence tended to show that collateral deposited to secure the payment of a note was sold shortly after it was received, not pursuant to the terms of the note and though it had not depreciated, and that when a renewal note was executed it re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Parkyn v. Turley, 206 Ill. App. 78.

cited the same collateral as though it were still on hand, and there was also evidence of a contemporaneous oral agreement to notify the maker of the note before selling the collateral and that such notice was not given, it was *held* that trover would lie for the conversion of the collateral.

3. PLEDGES—*when action on the case lies against officer of pledgee selling collateral.* Action on the case for the conversion of collateral deposited to secure the payment of a note will lie against one who sold it, though he was not the payee of the note but was an officer of the payee in whose possession the collateral was.

4. PLEDGES, § 44*—*when evidence sufficient to sustain verdict for plaintiff in action for conversion of collateral.* In an action to recover for the conversion of collateral deposited to secure the payment of a note, evidence *held* to support a verdict for plaintiff.

5. PLEDGES, § 44*—*when instructions are correct in action for conversion of collateral.* In an action for conversion of pledged collateral, the instructions, considered as a series, *held* to present the principles of law involved fairly and completely.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.